IKUTA, Circuit Judge,
concurring in part and dissenting in part:
I concur with the majority’s denial of the petition as to the September 5th DAN, but dissent from the majority’s grant of the petition as to Pinheiro’s suspension and termination. The Board determined that Pinheiro’s conduct “was inarguably rude and insubordinate and his discharge was consistent with [Allied’s] disciplinary policy.” Contrary to the majority, this conclusion is not “totally opposite” the ALJ’s finding on this issue. The Board’s determination that Pinheiro’s imprecation “suck d — k” or “suck my d — k” as he exited his supervisor’s office was “inarguably rude and insubordinate” does not conflict with the ALJ’s finding that the statement was made in frustration, rather than in anger.
Moreover, the ALJ’s finding that Pinhei-ro’s statement was made in frustration does not preclude the Board from concluding that Pinheiro’s discharge was consistent with Allied’s disciplinary policy. Although Pinheiro adduced evidence that profanity was commonly used on the factory floor, there is also evidence in the record from which the Board could conclude that profanity was not acceptable when used with a supervisor. While Allied retained other employees who engaged in insubordinate or rude behavior, the Board found that Pinheiro’s case was distinguishable. The Board noted that Pinheiro had been given a poor evaluation after threatening a co-worker, and therefore his outburst before his supervisor was a second offense. The Board further noted that Allied cited Pinheiro’s “poor work record” as a ground for his discharge, and also noted that his poor performance was “well-documented.” “[W]here the central issue is ... the employer’s motive in discharging an employee, we must be mindful that the determination of motive is particularly within the purview of the NLRB.” NLRB v. Searle Auto Glass, Inc., 762 F.2d 769, 773 (9th Cir.1985).
In sum, substantial evidence supports the Board’s finding that Allied would have terminated Pinheiro even in the absence of his union activities. Id. Because substantial evidence supports the Board’s conclusion that Allied carried its burden under Wright Line Inc., 251 NLRB 1083 (1980), I would deny the petition.